**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ESTATE OF MARK CRAFT; CYNTHIA
DOYLE, individually and as personal
representative; CARL G. CRAFT,
Plaintiffs-Appellants,

v.

HYATT CORPORATION; HYATT HOTELS
CORPORATION,
Defendants-Appellees.

No. 96-2394

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-95-1219-PJM)

Submitted: June 17, 1997

Decided: June 30, 1997

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul S. Thaler, Lars H. Liebeler, THALER & LIEBELER, Washing-
ton, D.C., for Appellants. Matthew J. Kastantin, Rockville, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal from a district court order granting the Defendants' motion for summary judgment and dismissing their claims for negligence, wrongful death, and intentional infliction of emotional distress. Specifically, Appellants assert that summary judgment was inappropriate because: (1) Defendants' employee was acting within the scope of his employment when he murdered another employee; (2) a secondary beneficiary with a compensable claim has standing to sue for wrongful death when a primary beneficiary exists but does not have a compensable claim; and (3) an adequate claim was made for intentional infliction of emotional distress. Finding no reversible error, we affirm.

The essential facts of this case are undisputed. Mark Craft started working for the Bethesda Hyatt as a security guard in 1991. Approximately one year later, the hotel hired Gregory Broughton as head of security. At some point, Craft started filing reports noting problems with the hotel's security and fire safety. Management personnel, including Broughton, ordered Craft to stop filing these reports, but he continued. There were several altercations between Craft and Broughton, including at least one instance in which Broughton pushed Craft. Craft complained about Broughton's allegedly abusive conduct to management personnel on several occasions, but they took no action.

One evening in 1994, Broughton, who had a history of domestic violence, murdered his wife at a gas station in Woodbridge, Virginia. Broughton was off duty at the time. Broughton then drove to Wheaton, Maryland, where he set his car on fire before taking the Metro to the Bethesda Hyatt. Broughton entered the hotel through the employees' entrance and walked directly to the security office, which was nearby, where he fatally shot Craft, who was on duty at the time. Broughton then traveled to the Lincoln Memorial, where he knelt in

2

front of Lincoln's statue for several minutes before fatally shooting himself.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted the Defendants' motion.

In general, an employer is liable for torts committed by an employee that take place within the scope of employment. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1351 (4th Cir. 1995). Therefore, we must assess whether Broughton was acting within the scope of his employment when he murdered Craft and whether his conduct was foreseeable in determining Defendants' liability under Maryland law. See Sawyer v. Humphries, 587 A.2d 467, 471 (Md. 1991). We find that Defendants could not have foreseen that Broughton would murder Craft. Moreover, "where the conduct of the servant is unprovoked, highly unusual, and quite outrageous, courts tend to hold that this in itself is sufficient to indicate that the motive was a purely personal one and the conduct outside the scope of employment." Id. (citation and internal quotation marks omitted). We agree with the district court's finding that Broughton's actions were the type of bizarre and outrageous conduct which, under Maryland law, fell outside the scope of employment as a matter of law. Since we find no basis for the wrongful death claim, we decline to address the standing issue concerning Craft's sister. Even if she had standing, her claim would fail on the same grounds.

Contrary to the parties' contentions, we find that the district court properly granted summary judgment in favor of the Defendants on Appellants' claim for intentional infliction of emotional distress. We find that Appellants adequately pled the elements of this tort in their

3

complaint, thus rendering dismissal inappropriate. However, we find that the district court properly found, after hearing Appellants' evidence on this issue, that the evidence was insufficient as a matter of law to support the claim, making summary judgment the correct disposition.

To establish a claim for intentional infliction of emotional distress, Appellants must establish that (1) the Defendants' conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal link between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe. Harris v. Jones, 380 A.2d 611, 614 (Md. 1977). Liability lies under the second element only where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . [M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient. Id.

In the present case, the district court properly held that management's and Broughton's conduct toward Craft did not rise to the level of extreme and outrageous conduct. The challenged conduct here consisted primarily of ignoring Craft's reports concerning alleged safety and security violations, ordering Craft to refrain from making any further reports, ignoring Craft's complaints concerning Broughton, possible efforts to undermine Craft's authority and credibility with other employees and management, and Broughton pushing Craft on at least one occasion. While unprofessional, we find that this type of conduct was not "atrocious."

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4